# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARTIN H. LEAF,

     Plaintiff,

                                   Case No.  20-11491

v.

                                   Honorable Stephen J. Murphy, III

NIKE INC.; WIEDEN + KENNEDY,
INC.; FACEBOOK INC.; GOOGLE          Magistrate Judge David R. Grand
LLC; YOUTUBE, L.L.C.; and
TWITTER, INC.,

     Defendants.

_____

## DEFENDANT NIKE, INC.'S MOTION TO DISMISS
_____

Defendant NIKE, Inc., by its attorneys, Dykema Gossett PLLC, moves this Court for an Order dismissing Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a claim upon which the Court can grant relief.

In accordance with LR 7.1(d), Defendant's counsel contacted Plaintiff's counsel – by phone and in writing – to explain the nature of the motion and its legal basis and to request concurrence in the relief sought.  Despite these efforts, a conference between counsel did not occur.

WHEREFORE, Defendant NIKE, Inc., requests that this Court grant its Motion and enter an Order dismissing Plaintiff's Complaint with prejudice.

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 400 RENAISSANCE CENTER • DETROIT, MICHIGAN 48243

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ Nasseem S. Ramin
    Thomas M. Schehr (P54391)
    Nasseem S. Ramin (P73513)
    *Attorneys for Defendant NIKE, Inc.*
    400 Renaissance Center, 37th Floor
    Detroit, MI 48243
    (313) 568-6800
    tschehr@dykema.com
Dated:  July 23, 2020    nramin@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

2

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARTIN H. LEAF,

     Plaintiff,

v.

NIKE INC.; WIEDEN + KENNEDY,
INC.; FACEBOOK INC.; GOOGLE
LLC; YOUTUBE, L.L.C.; and
TWITTER, INC.,

     Defendants.

Case No.  20-11491

Honorable Stephen J. Murphy, III

Magistrate Judge David R. Grand

---

## BRIEF IN SUPPORT OF
## DEFENDANT NIKE, INC.'S MOTION TO DISMISS

---

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

# TABLE OF CONTENTS

**Page**

BACKGROUND ..........................................................................................3

I.     PLAINTIFF'S HISTORY OF SIMILAR CLAIMS UNDER THE MCPA ...................................................................................................3

      A.    *Drive*:  The State Court Litigation .......................................3

      B.    *Drive*:  The Federal Court Litigation ...................................4

      C.    *Water for Elephants*............................................................6

II.    "THE LAST GAME":  PLAINTIFF'S CLAIMS AGAINST NIKE.............7

ARGUMENT ...........................................................................................9

I.     STANDARD OF DECISION..........................................................9

II.    PLAINTIFF'S MCPA CLAIMS FAIL AS A MATTER OF LAW. ............10

      A.    Plaintiff Fails to State a Claim Under Section 445.903(1)(s). ............10

      B.    Plaintiff Fails to State a Claim Under Section 445.903(1)(cc). ..........13

III.    THE FIRST AMENDMENT BARS PLAINTIFF'S CLAIMS. ...................14

CONCLUSION AND RELIEF REQUESTED .......................................................15

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................. 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................... 9

*Bible Believers v. Wayne Cty.*,
805 F.3d 228 (6th Cir. 2015) .............................................................. 15

*Blackburn v. Fisk Univ.*,
443 F.2d 121 (6th Cir. 1971) .............................................................. 10

*Deming v. Ch Novi, L.L.C.*,
No. 309989, 2013 Mich. App. LEXIS 1615 (Oct. 15, 2013) .............. 3

*Deming v. CH Novi, L.L.C.*,
495 Mich. 996 (2014) ............................................................................ 4

*Deming v. Fox Entertainment Group, et al.*,
E.D. Mich. 17-11285 .............................................................................. 6

*In re Commonwealth Inst. Secs., Inc.*,
394 F.3d 401 (6th Cir. 2005) ................................................................ 9

*James v. Meow Media, Inc.*,
300 F.3d 683 (6th Cir. 2002) ........................................................ 15, 16

*Joseph Burstyn, Inc. v. Wilson*,
343 U.S. 495 (1952) ............................................................................. 15

*Leaf v. Refn*,
742 F. App'x 917 (6th Cir. 2018) ........................................ 2, 5, 6, 12, 14

*Leaf v. Refn*,
2018 U.S. App. LEXIS 22751 (6th Cir. Aug. 15, 2018) ....................... 6

*Morgan v. Church's Fried Chicken*,
829 F.2d 10, 12 (6th Cir. 1987) .......................................................... 10

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

*Nat'l Socialist Party of Am. v. Vill. of Skokie*,
    432 U.S. 43 (1977)................................................................................................15

*Thielen v. GMAC Mortgage Corp.*,
    671 F. Supp. 2d 947 (E.D. Mich. 2009) .............................................................10

*Zine v. Chrysler Corp.*,
    236 Mich. App. 261 (1999) ................................................................................11

**RULES**

Fed. R. Civ. P. 12(b)(6)..............................................................................................v, 9

**STATUTES**

MCL 445.903(1)(s) ...............................................................................................4, 8, 11

MCL 445.903(1)(cc) .........................................................................................8, 13, 14

MCL 445.911 .............................................................................................................11

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## <u>STATEMENT OF ISSUES PRESENTED</u>

Whether this Court should dismiss the Complaint because Plaintiff's claims under the Michigan Consumer Protection Act fail as a matter of law and because the promotional film at issue in this case is protected speech under the First Amendment?

Defendant answers "yes."

Plaintiff would answer "no."

The Court should answer "yes."

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## <u>MOST CONTROLLING AUTHORITY</u>

Defendant relies on Fed. R. Civ. P. 12(b)(6) and the authorities cited in its

Brief In Support of Motion to Dismiss.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

# INTRODUCTION

This case is the latest in a series of attempts by Plaintiff Martin Leaf ("Plaintiff" or "Leaf") to pursue violations of the Michigan Consumer Protection Act ("MCPA") based on his personal interpretations of movies and online promotional materials.  Here, Plaintiff has sued Defendant NIKE, Inc. ("NIKE") and others for allegedly concealing purported anti-Semitic and scandalous subliminal messages in an animated short film, "The Last Game."  NIKE strongly denies all allegations of anti-Semitic messages in the "The Last Game" (the "Film") or otherwise.

The Film is an animated film that NIKE released before the 2014 FIFA World Cup.  To Plaintiff, the Film "is engineered to leverage racial Jew-hatred to make more money in a sneaky subliminal way without 'getting caught.'"  (DE 16 at 2). Plaintiff claims that Defendants violated Sections 445.903(1)(s) and 445.903(1)(cc) of the MCPA because the Film is allegedly anti-Semitic and "materially and deceptively so."  Plaintiff asks the Court to censor the Film under the MCPA based on his unique, unfounded, unsubstantiated, highly idiosyncratic, and very personal opinion regarding it.

Plaintiff's claims all fail as a matter of law.  The first count under Section 445.903(1)(s) of the MCPA should be dismissed because Plaintiff does not and cannot allege that NIKE omitted material facts about the Film in a manner that was

1

misleading or deceitful. Rather, Plaintiff alleges that NIKE should have disclosed that the Film communicates a hateful motive through symbols and subliminal speech – but this is Plaintiff's own unique interpretation of the Film. Opinions and interpretations are not objectively verifiable, material facts. Further, even accepting for purposes of this Motion his interpretation as true, to recover under the MCPA, the Sixth Circuit has held – in a similar claim involving this same Plaintiff – "Leaf himself must experience an injury caused by the film, but he admits that he was not misled." *Leaf v. Refn*, 742 F. App'x 917, 927 (6th Cir. 2018). So too here.

Plaintiff's second count is under Section 445.903(1)(cc) of the MCPA, which creates liability for "[f]ailing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner." This claim fails because Plaintiff does not and cannot allege that NIKE represented whether the Film does or does not contain, in Plaintiff's term, "Implanted Hate," and the claim that it does is not a fact material to the transaction. Rather, it is the product of Plaintiff's imagination.

Finally, works of creative expression, such as "The Last Game," are entitled to the full protections afforded by the First Amendment of the United States Constitution. Thus, even if Plaintiff's idiosyncratic views about the Film were accurate or beyond debate (which NIKE denies), the Court may still not enjoin or censor a "controversial" or "offensive" film or advertisement.

For each of these reasons, Plaintiff has failed to state a claim and the Court should dismiss the Complaint with prejudice.

## **BACKGROUND**

### I.  **PLAINTIFF'S HISTORY OF SIMILAR CLAIMS UNDER THE MCPA**

#### A.  *Drive***:  The State Court Litigation**

Plaintiff Leaf has a decade-long history of bringing claims similar to those at issue in this lawsuit.  In 2011, Plaintiff, who is an attorney, represented Sarah Deming in a lawsuit regarding the movie *Drive*.  Deming sued the studio that distributed *Drive* and the theater in Novi, Michigan, where she saw the movie.  *See* Oakland County Circuit Court Case No. 11-122030-CZ.  Deming claimed that the trailer for *Drive* was misleading and that the film itself was anti-Semitic, and she sought relief under the MCPA.  *Id.*  When the state court dismissed the claims, Deming moved to disqualify the state court judge for allegedly expressing anti-Semitic views.  *Id.*  Following denial of her disqualification motion, Deming, still represented by Plaintiff Leaf, appealed.

The Michigan Court of Appeals affirmed.  *See Deming v. Ch Novi, L.L.C.*, No. 309989, 2013 Mich. App. LEXIS 1615 (Oct. 15, 2013).[1]  The court found that the MCPA did not apply to a movie preview, and that even if it did apply, Deming's claim was without factual support.  "Even if plaintiff's characterization of the film

---

[1] Unpublished authorities are attached as Exhibit 1 to this Motion.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

has some validity, a proposition we reject . . . plaintiff has not presented any evidence that the movie *Drive* does, in fact, express or promote anti-Semitism and, thus, has not shown that the film's trailer failed to reveal a material fact, as required under MCL 445.903(1)(s)." *Id.* at \*5-6.  Finally, the court rejected Deming's argument that she should be allowed to amend her complaint to add a claim that the movie contained subliminal anti-Semitic content. "Whether the film contained unprotected subliminal content is irrelevant; the inclusion of such content does not, in and of itself, create a claim." *Id.* at \*6-7.

Deming, still represented by Plaintiff Leaf, then sought recusal of the appellate panel for alleged anti-Semitic bias.  When each judge on the panel refused, Deming unsuccessfully appealed those rulings to the Chief Judge of the Michigan Court of Appeals.  Deming then moved for reconsideration of the Court of Appeals' opinion, which motion was denied.  *See* Court of Appeals Docket, attached as Exhibit 2.  Finally, Deming, with Plaintiff as her counsel, sought discretionary review by the Michigan Supreme Court, which denied her application for leave to appeal.  *Deming v. CH Novi, L.L.C.*, 495 Mich. 996; 845 N.W.2d 507 (2014).

### B.   *Drive*:  The Federal Court Litigation

In 2016, Plaintiff Leaf filed a case in this Court on his own behalf, alleging that several defendants involved in the production and distribution of *Drive* had violated the MCPA due to the subliminal nature of the movie's alleged anti-

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

Semitism.  *See, e.g., Leaf v. Refn, et al.*, Eastern District of Michigan Case No. 16-12149.  Specifically, Plaintiff argued that the defendants in the *Refn* matter violated MCL 445.903(1)(s) and 445.903(1)(cc), the same sections he alleges NIKE violated in the instant lawsuit.  In *Refn*, the defendants argued that Plaintiff's claims were barred by the prior suit, that Plaintiff failed to state a claim under the MCPA, and that his claims were also barred by the First Amendment.

Judge Victoria Roberts granted the *Refn* defendants' motion to dismiss, holding that *res judicata* barred Plaintiff's suit and declining to substantively address the MCPA or the First Amendment issues raised by the defendants.  (Case No. 16-12149, DE 65, Transcript of Hearing on Motion to Dismiss).  Plaintiff moved for reconsideration, which Judge Roberts denied.  (Case No. 16-12149, DE 58, 59).  Plaintiff then appealed to the United States Court of Appeals for the Sixth Court.

The Sixth Circuit affirmed, but on alternative grounds.  The Court of Appeals agreed with Plaintiff that he was not in privity with his client, Deming, and thus the state court action was not *res judicata*.  *Leaf v. Refn*, 742 F. App'x 917, 921 (6th Cir. 2018).  But the Sixth Circuit agreed with the *Refn* defendants that Plaintiff failed to state a claim under the MCPA.

With respect to subsection (1)(s), Plaintiff alleged that the defendants concealed anti-Semitic messaging from the casual viewer using a variety of tactics.  But he conceded that the allegedly anti-Semitic content was apparent to him.  "Even

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

5

if Leaf adequately alleged that other viewers might not notice the alleged anti-Semitism, Leaf himself must experience an injury caused by the film, but he admits that he was not misled." *Id.* at 927. As to subsection (1)(cc), Leaf alleged that the trailer for the movie "gave no indication that *Drive* . . . promoted anti-Semitism." The defendants argued that the alleged lack of anti-Semitism in the film's trailer cannot meet the statutory requirement that the offending representations of fact be "made in a positive manner." The Sixth Circuit agreed: "[b]ecause the trailer does not affirmatively represent that *Drive* does not . . . promote anti-Semitism . . . the requisite 'positive' misrepresentation is lacking." *Id.*

The Sixth Circuit did not reach the First Amendment arguments, and subsequently denied Plaintiff's petition for rehearing en banc. *Leaf v. Refn*, 2018 U.S. App. LEXIS 22751 (6th Cir., Aug. 15, 2018).

### C. *Water for Elephants*

In 2017, Plaintiff again represented Sarah Deming in another lawsuit alleging violations of the MCPA based on allegedly subliminal anti-Semitic messages, this time relating to the movie *Water for Elephants*. *See Deming v. Fox Entertainment Group, et al.*, E.D. Mich. Case No. 17-11285. Deming dismissed those claims in April 2018, "because matters of law relevant to this case are being decided by the United States Sixth Circuit Court of Appeals," presumably referring to the *Refn* appeal being pursued by her counsel, Plaintiff Martin Leaf. *Id.* at DE 28.

6

## II. "THE LAST GAME":  PLAINTIFF'S CLAIMS AGAINST NIKE

The Film is a short, promotional, animated film that NIKE released before the 2014 FIFA World Cup, which "tells the tale of a world where football has become bereft of risk and beauty, and only the world's greatest players can save the game from extinction."[2]

In October 2018, Plaintiff sued NIKE and others in this Court for alleged violations of the MCPA, relating to the Film.  *See* Case No. 18-13406.  The Court dismissed the complaint for failure to serve any defendant.  *Id.* at DE 6.

In June 2020, Plaintiff again sued NIKE in this Court for alleged violations of the MCPA relating to the Film, twice amending his Complaint.  The operative complaint currently before the Court was filed on July 1, 2020, and is styled as the "First Amended Complaint."  (DE 16, FAC).

In the FAC, Plaintiff claims that he read an article discussing "The Last Game," wherein the Anti-Defamation League dismissed any claims of anti-Semitism relating to the Film as "off base."  *See* FAC ¶ 21.[3]  Plaintiff claims that after reading the article, he searched for and viewed the Film on YouTube, and after "*numerous viewings, over a period of months, including frame by frame*," he determined that

---

[2] NIKE News, "Nike Football to Release 'The Last Game' Animated Film on June 9," (June 5, 2014), https://news.nike.com/news/nike-football-last-game-movie.

[3] Plaintiff references and quotes the following article:  Ilan Ben Zion, *ADL rejects anti-Semitism in Nike ad*,  THE TIMES OF ISRAEL (June 11, 2014), https://www.timesofisrael.com/adl-rejects-anti-semitism-in-nike-ad/.

the Film "was anti-Semitic and was materially and *deceptively* so." *Id.* ¶ 23 (emphasis in original). The FAC is nearly 70 pages in length, with the majority of space devoted to Plaintiff's attempts to connect purported still images from the Film to historical anti-Semitic, racist, and other offensive imagery. For example, Plaintiff notes that the opening frame of the Film "contains a skull with two objects – dice [sic] and a soccer ball – below on either side, with a Nike swoosh on the skull," and then writes that Nazis also "used a skull and crossbones symbol." *Id.* ¶¶ 33-34. Resorting to conjecture, Plaintiff falsely theorizes that "Defendant Nike targets Jews because obviously Defendant Nike believes they can get away with it, or that the benefit of leveraging the well documented Jew hatred among European and many South American soccer fans – and thereby making more money – outweighs any risk." *Id.* ¶ 82.

Plaintiff concludes that NIKE violated two sections of the MCPA: MCL 445.903(1)(s) (failing to reveal a material fact, the omission of which tends to mislead or deceive) and MCL 445.903(1)(cc) (failing to reveal material facts in light of representations made in a positive manner). He alleges that he suffered distress, outrage, humiliation, and embarrassment as a result of his repeated viewings of the Film. *See, e.g.,* FAC ¶¶ 92, 102. Plaintiff asks to Court to enjoin Defendants from "showing or disseminating" the Film without removing the allegedly subliminal messages, or, in the alternative, to require that the Film carry a warning regarding

8

the alleged "Implanted Hate."  FAC at Pg ID 583.  Plaintiff also seeks damages and

attorney fees.

NIKE now moves for dismissal of the FAC pursuant to Fed. R. Civ. P.

12(b)(6).

## **ARGUMENT**

### **I.   STANDARD OF DECISION**

Fed. R. Civ. P. 12(b)(6) authorizes this Court to dismiss a complaint if it

"fail[s] to state a claim upon which relief can be granted[.]"  To defeat a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must "give the defendant fair

notice of what the claim is and the grounds upon which it rests, by providing either

direct or inferential allegations respecting all the material elements to sustain a

recovery." *In re Commonwealth Inst. Secs., Inc.*, 394 F.3d 401, 405-06 (6th Cir.

2005) (internal citations, quotations, and modifications omitted).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal quotations and modifications omitted).  "Threadbare recitals of all

the elements of a cause of action, supported by mere conclusory statements do not

suffice." *Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 950-51 (E.D.

Mich. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).  A properly

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

pleaded complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted).

Therefore, a plaintiff must do more than allege bare conclusions of law, and the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Moreover, a court is "not bound by allegations that are clearly unsupported and unsupportable[.] [A court] should not accept as true allegations that are in conflict with facts judicially known to the Court . . . ." *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123 (6th Cir. 1971).

## II.    PLAINTIFF'S MCPA CLAIMS FAIL AS A MATTER OF LAW.

The purpose of the MCPA is to protect consumers by prohibiting unfair practices in trade or commerce. *See* MCL 445.903(1). Consistent with its purpose as a consumer protection statute, the MCPA authorizes any person who suffers loss as a result of unfair, unconscionable, or deceptive trade practices to bring an action to enjoin the prohibited conduct, obtain declaratory relief, or recover damages. *See* MCL 445.911.

### A.    Plaintiff Fails to State a Claim Under Section 445.903(1)(s).

Count I is for an alleged violation of MCL 445.903(1)(s). *See* FAC at Pg ID 578-80. Plaintiff alleges that NIKE violated Section (1)(s) because it "failed to

10

reveal the material fact" that the Film contains subliminal messages of hate. *Id.* ¶ 89.

A claim under Section (1)(s) requires a plaintiff to allege (i) a failure to disclose a *material fact,* the "omission of which tends to mislead or deceive the consumer," and (ii) that the undisclosed fact "could not reasonably be known by the consumer." MCL 445.903(1)(s) (emphasis added). As to the first prong, "[t]o be material, the representation need not 'relate to the sole or major reason for the transaction, but . . . it [must] relate to a material or important fact.'" *Zine v. Chrysler Corp.*, 236 Mich. App. 261, 283; 600 N.W.2d 384 (1999) (citations omitted, brackets in original). And, with respect to the second prong, "the issue is not whether the omission is misleading to a reasonable consumer but *whether the consumer could reasonably be expected to discover the omission at issue*." *Id.* at 284 (emphasis added). Plaintiff does not satisfy either of these requirements.

First, Plaintiff fails to allege a misleading material fact. His subjective view of the supposed anti-Semitism in the Film is not a verifiable fact. Rather, it is merely the subjective opinion of a single consumer. Second, this claim also fails because Plaintiff concedes that, although he characterizes the hateful messages as "nonconscious," (*i.e.,* not perceived by the viewer), he was able to discern the allegedly disturbing content in the Film. *See* FAC ¶ 23. In other words, the "material fact" he contends NIKE concealed was, in fact, revealed to him. Assuming his

interpretation is correct, Plaintiff fails to explain why any other consumer would not equally be able to recognize the content for what he says it is.

The Sixth Circuit has agreed.  In *Leaf v. Refn*, where Plaintiff pursued nearly identical claims related to the movie *Drive*, the Sixth Circuit affirmed dismissal of Plaintiff's claim for violation of Section (1)(s) because although he claimed that *Drive's* anti-Semitic messages were subliminal – as he does with the Film here – he admitted that the hateful content was apparent to him.  742 F. App'x 917, 926-27 (6th Cir. 2018).  "Even if Leaf adequately alleged that other viewers might not notice the alleged anti-Semitism, Leaf himself must experience an injury caused by the film, but he admits that he was not misled."  *Id.* at 927.  The same is true here.

Finally, Plaintiff claims he "had no reasonable way of knowing the Video contained Implanted Hate," but admits that he was moved to watch the Film after reading an article in *The Times of Israel*, which explicitly discussed the issue of alleged anti-Semitism.  *See* FAC ¶ 21(referencing an article in which the Anti-Defamation League dismissed any claims of anti-Semitism relating to the Film as "off base.").  Thus, while NIKE vehemently denies that the Film contains any anti-Semitic, explicit, or disturbing content, either subconscious or overt, Plaintiff admits that he read about the Film – and conflicting opinions about its content – before he decided to watch it.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

**B.      Plaintiff Fails to State a Claim Under Section 445.903(1)(cc).**

Count II is for an alleged violation of MCL 445.903(1)(cc).  *See* FAC at Pg ID 580-83.  Plaintiff claims that he "relied on the representation of fact, made in a positive way by all Defendants, that the Video was a five-minute Nike video product based on what was written on the YouTube website," and that "he had no reason to believe the Video contained such Implanted Hate because after all, presumably fine ethical American companies . . . would never promote such Implanted Hate."  FAC ¶¶ 97-98.  Section (1)(cc) prohibits "[f]ailing to reveal facts that are material to the transaction in light of representations of fact *made in a positive manner*."  (emphasis added).  Plaintiff fails to state a claim because his allegations do not demonstrate that NIKE made positive factual representations in the Film, as required under Section (1)(cc).

Again, the Sixth Circuit's decision in *Leaf v. Refn* is exactly on point.  *See generally*, 742 F. App'x 917 (6th Cir. 2018).  In *Refn*, the court agreed that because the trailer for *Drive* did not affirmatively represent that *Drive* does not promote anti-Semitism, "the requisite 'positive' misrepresentation is lacking."  *Id.* at 927.

> Even assuming that the film contained anti-Semitic messaging, Leaf makes no allegation that the trailer made affirmative representations suggesting that the opposite was true.  Rather, he alleges only that '[t]here were no indications in the trailer that *Drive* was anti-Semitic, and/or promoted anti-Semitism.' This type of allegation is insufficient to state a claim under Mich. Comp. Laws § 445.903(1)(cc).

*Id.* (internal citations omitted).

13

Plaintiff does not point to a single actionable affirmative representation made in the Film, nor could he.  The Film does not make any mention one way or the other about whether it may be interpreted to be anti-Semitic.  Instead, Plaintiff claims that he assumed that because the Film was made by NIKE, it would not be Anti-Semitic.  *See, e.g.,* FAC ¶¶ 97-98.  Thus, even accepting Plaintiff's interpretation as true, as is required for purposes of this Motion, because "the requisite 'positive' misrepresentation is lacking," Plaintiff's claim under Section (1)(cc) fails as a matter of law and should be dismissed.

## III.      THE FIRST AMENDMENT BARS PLAINTIFF'S CLAIMS.

"The First Amendment offers sweeping protection that allows all manner of speech to enter the marketplace of ideas.  This protection applies to loathsome and unpopular speech with the same force as it does to speech that is celebrated and widely accepted."  *Bible Believers v. Wayne Cty.*, 805 F.3d 228, 243 (6th Cir. 2015).  Movies are protected under the First Amendment because "[t]hey may affect public attitudes and behavior in a variety of ways, ranging from direct espousal of a political or social doctrine to the subtle shaping of thought which characterizes all artistic expression."  *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 501 (1952).  They are protected regardless of whether they are fictitious, made for profit, or intended to entertain audiences.  *Id*. at 501-02.  *See also James v. Meow Media, Inc.,* 300 F.3d 683, 695-96, (6th Cir. 2002) ("It is long settled that movies can constitute protected

14

speech.  Of more recent, but no less definitive, resolution is that internet sites are similarly entitled to protection.") (internal citations omitted).

Although NIKE vigorously disputes and denies Plaintiff's characterization of the Film as anti-Semitic, even distasteful and highly offensive speech is protected by the First Amendment.  *See, e.g., Nat'l Socialist Party of Am. v. Vill. of Skokie*, 432 U.S. 43, 43-44; 97 S. Ct. 2205 (1977) (recognizing the First Amendment rights of Neo Nazis seeking to march with swastikas and to distribute racist and anti-Semitic propaganda in a predominantly Jewish community).  Here, even assuming Plaintiff's claims are true (solely for purposes of this Motion), the First Amendment bars his efforts to censor the Film and NIKE's freedom of speech.  Indeed, the Sixth Circuit has held that even if a plaintiff is not seeking to completely bar a defendant's conduct – and instead, for example, seeks the alteration of or attaching a warning to the disputed conduct, as Plaintiff seeks here – attaching tort liability to protected speech violates the First Amendment.  *Meow Media*, 300 F.3d at 695.

Therefore, because the Film is protected expression under the First Amendment, Plaintiff's claims fail as a matter of law and should be dismissed.

## <u>CONCLUSION AND RELIEF REQUESTED</u>

For the foregoing reasons, NIKE requests that this Court enter an Order dismissing the Complaint with prejudice and granting such other relief as is appropriate.

15

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ Nasseem S. Ramin
    Thomas M. Schehr (P54391)
    Nasseem S. Ramin (P73513)
    *Attorneys for Defendant NIKE, Inc.*
    400 Renaissance Center, 37th Floor
    Detroit, MI 48243
    (313) 568-6800
    tschehr@dykema.com
Dated:  July 23, 2020    nramin@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will provide notice of such filing to all parties and counsel of record.

/s/ Nasseem S. Ramin