# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARTIN H. LEAF,

       Plaintiff,

vs.

NIKE, INC., WIEDEN + KENNEDY, INC., FACEBOOK, INC., GOOGLE LLC, YOUTUBE L.L.C., AND TWITTER, INC.,

       Defendants.

_____/

Case No. 2:20-cv-11491
Hon. Stephen J. Murphy, III

## DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION TO DISMISS AND/OR TRANSFER

PLEASE TAKE NOTICE that, upon the accompanying Brief, as well as all prior papers and proceedings in this action, Defendant Facebook, Inc. moves this Court for an Order dismissing this case under Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

This Motion will be heard before the Honorable Stephen J. Murphy, III, United States District Judge, at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 252, Detroit, Michigan, 48226, on a date and time to be set by the Court.

Dated: August 11, 2020    Respectfully submitted,

/s/ *Michael P. Hindelang*

Michael P. Hindelang (P62900)
James E. Stewart (P23254)
Shannon Duggan (P83211)
HONIGMAN, LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
313 465 7412 (Telephone)
mhindelang@honigman.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARTIN H. LEAF,

      Plaintiff,

vs.

NIKE, INC., WIEDEN + KENNEDY, INC., FACEBOOK, INC., GOOGLE LLC, YOUTUBE L.L.C., AND TWITTER, INC.,

      Defendants.

_____/

Case No. 2:20-cv-11491
Hon. Stephen J. Murphy, III

## DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Facebook, Inc. moves to dismiss this case under Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

In accordance with E.D. Mich. L.R. 7.1(a), Defendant's counsel attempted to contact Plaintiff by phone and email on August 10, 2020, requesting concurrence in the relief sought in this Motion. Despite reasonable efforts, Defendant's counsel was unable to do so and therefore unable to obtain concurrence in the relief sought by this Motion.

## <u>Concise Statement of Issues Presented</u>

I.      Should Plaintiff's claims against Facebook, Inc. be dismissed for lack of personal jurisdiction, where Facebook is not subject to general or specific personal jurisdiction in Michigan?

   Facebook, Inc. answers: Yes.

II.     Should Plaintiff's claims against Facebook, Inc. be dismissed for failure to state a claim upon which relief can be granted, where the Amended Complaint contains no allegations concerning Facebook, Plaintiff fails to plead its claims with requisite particularity, and Facebook is entitled to legal immunity under the Communications Decency Act?

   Facebook, Inc. answers: Yes.

## **Controlling or Most Appropriate Authority**

Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure 12(b)(6)

## **Table of Contents**

INTRODUCTION ...................................................................................1

ARGUMENT ........................................................................................2

I.      FACTUAL BACKGROUND..............................................................2

A.     Plaintiff's Allegations ................................................................2

B.     Facebook's Operations in Michigan...............................................3

II.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED UNDER
RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION ............................4

A.     Legal Standard ........................................................................4

B.     Facebook Is Not Subject to General Personal Jurisdiction in Michigan.........6

C.     Facebook is not Subject to Specific Personal Jurisdiction in Michigan .........7

III.    PLAINTIFF FAILS TO SATISFY THE STANDARDS OF RULE
9(B)…… ...........................................................................................10

IV.     PLAINTIFF FAILS TO STATE A CLAIM UNDER RULE 12(B)(6)........11

V.      THE COMMUNICATIONS DECENCY ACT, 47 U.S.C. §230(C)(1),
REQUIRES DISMISSAL..........................................................................13

A.     The Standard for Dismissal Under Section 230 .............................14

B.     Facebook is Entitled to Section 230's Immunity. .........................15

    1.     Facebook is an Internet Service Provider............................15

    2.     Plaintiff Does Not Allege that Facebook Created the Video .............15

    3.     Plaintiff Seeks to Hold Facebook Liable for Other's Content...........16

    4.     Facebook is Entitled to Immunity ....................................17

CONCLUSION .....................................................................................17

## **Table of Authorities**

**Cases**

*ABG Prime Grp., LLC v. Innovative Salon Prod.*,
    326 F. Supp. 3d 498 (E.D. Mich. 2018) ....................................................... 6

*AlixPartners, LLP v. Brewington*,
    836 F.3d 543 (6th Cir. 2016) ........................................................................ 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................... 12

*Audi AG & Volkswagen of Am., Inc. v. Izumi*,
    204 F. Supp. 2d 1014 (E.D. Mich. 2002) ...................................................... 9

*BNSF Ry. Co. v. Tyrrell*,
    137 S. Ct. 1549 (2017)................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................... 11

*Beydoun v. Wataniya Restaurants Holding, Q.S.C.*,
    768 F.3d 499 (6th Cir. 2014) ........................................................................ 8

*Bristol-Myers Squibb Co. v. Sup. Ct.*,
    137 S.Ct. 1773 (2017)................................................................................... 8

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)...................................................................................... 5

*Conn v. Zakharov*,
    667 F.3d 705 (6th Cir. 2012) ........................................................................ 4

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)...................................................................................... 6

*Foman v. Davis*,
    371 U.S. 178 S.Ct. 227, 9 L.Ed.2d 222 (1962) ........................................... 16

*Force v. Facebook, Inc.*,
    934 F.3d 53 (2d Cir. 2019) ........................................................................ 15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)............................................................................... *6, 8*

*Home Owners Ins. Co. v. ADT LLC*,
    109 F. Supp. 3d 1000 (E.D. Mich. 2015) ................................................. 10

*Huizenga v. Gwynn*,
    225 F. Supp. 3d 647 (E.D. Mich. 2016) ...................................................... 3

*Int'l Shoe Co. v. Wash.*,
    326 U.S. 310 (1945)..................................................................................... 4

*Jackson v. Facebook*,
    No. 18-cv-12883 (E.D. Mich. Feb. 7, 2020) ............................................... 7

*Jones v. Dirty World Entm't Recordings LLC*,
    755 F.3d 398 (6th Cir. 2014) ..................................................................... 14

*Kerrigan v. ViSalus, Inc.*,
    112 F. Supp. 3d 580 (E.D. Mich. 2015) ................................................... 10

*Klayman v. Zuckerberg*,
    753 F.3d 1354 (D.C. Cir. June 13, 2014) ....................................... 14, 15, 16

*Lak, Inc. v Deer Creek Enters*,
    885 F.2d 1293 (6th Cir. 1989) .................................................................... 8

*Leaf v. Refn*,
    No. 16-cv-12149 (E.D. Mich. June 20, 2017)............................................. 3

*Mbayo v. Facebook*,
    (Ingham Circuit Court Case No. 18-000698-PC ......................................... 7

*McDonald v. LG Elecs. USA, Inc.*,
    219 F. Supp. 3d 533, 540 (D. Md. 2016).................................................. 14

*McKee v. General Motors LLC*,
  376 F. Supp. 3d 751 (E.D. Mich. 2019) ...................................................... 12

*Miller v. Calhoun Cty.*,
  408 F.3d 803 (6th Cir. 2005) ........................................................................ 16

*Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*,
  632 F.2d 21, 23 (6th Cir.1980) ..................................................................... 16

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
  591 F.3d 250 (4th Cir. 2009) ........................................................................ 14

*Nouri v. TCF Bank*,
  No. 10-12436, 2011 WL 836764 (E.D. Mich. Mar. 9, 2011) ...................... 13

*Packaged Ice Antitrust Litig.*,
  779 F. Supp. 2d at 666 ................................................................................. 10

*Phila. Indem. Ins. Co. v. Youth Alive, Inc.*,
  732 F.3d 645 (6th Cir. 2013) ........................................................................ 11

*Rainsberger v. McFadden*,
  174 Mich.App. 660, 436 N.W.2d 412, 413 (1989) ........................................ 9

*Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*,
  683 F.3d 239 (6th Cir. 2012) ........................................................................ 11

*SFS Check, LLC v. First Bank of Delaware*,
  774 F.3d 351 (6th Cir. 2014) .......................................................................... 9

*Sarah Deming v. Fox Entertainment Group Inc.*,
  No. 17-cv-11285 (E.D. Mich. May 10, 2018) ................................................. 3

*Sarah Deming v CH Novi, L.L.C.*,
  No. 309989, (Mich. Ct. App. Oct. 15, 2013) .................................................. 3

*Serras v. First Tenn. Bank Nat'l Ass'n*,
  875 F.2d 1212 (6th Cir. 1989) ........................................................................ 6

*Trinc, Inc. v. Radial Wheel, LLC*,
   533 F. Supp. 2d 730 (E.D. Mich. 2008) ...................................................... 7

*Walden v. Fiore*,
   571 U.S. 277 (2014)......................................................................................... 7

*Winnett v. Caterpillar, Inc.*,
   553 F.3d 1000 (6th Cir. 2009) ..................................................................... 12

*World-Wide Volkswagen Corp. v. Woodsen*,
   444 U.S. 286 (1980)......................................................................................... 5

*Zeran v. Am. Online, Inc.*,
   129 F.3d 327 (4th Cir. 1997) ............................................................... 14, 15

**Statutes, Rules, Regulations**

Fed. R. Civ. P. 9(b) .............................................................................. 2, 10

Fed. R. Civ. P. 12(b)(6).............................................................. 11, 13, 17

Section 230(c)(1)............................................................................*Passim*

## INTRODUCTION

In 2014, Nike released a five-minute animated video titled, "The Last Game." The video stars some of the world's greatest soccer players on a mission to save soccer from the hands of a villainous mastermind known as The Scientist. Over one hundred million people around the world have watched The Last Game. Plaintiff Martin H. Leaf, a resident of Grosse Pointe Woods, Michigan is one of them. Unlike the millions of viewers who have recognized *The Last Game* for what it is—a light-hearted cartoon that celebrates soccer—Leaf saw something far more sinister—and it wasn't The Scientist.[1] Leaf alleges he saw subliminal messages of sex acts, anti-Semitic tropes, and racist messages. The subliminal messages, according to Leaf, give rise to violations of the Michigan Consumer Protection Act.

What does this have to do with Defendant Facebook, Inc? Nothing. Plaintiff **makes no allegations of wrongdoing whatsoever against Facebook.** Indeed, Facebook appears only twice in the Amended Complaint—once when it is alleged to exist, and once in the context of Defendant Nike allegedly using its own page on Facebook. Plaintiff simply does not make *any* factual allegations against Facebook, Inc.

Plaintiff even goes so far as to specify the defendants against which he pleads Count I—and it does not include Facebook. He then specifies the defendants against

---

[1] The animated villain of the video.

which he pleads Count II—and that does not include Facebook either. There are no further counts. In short, Plaintiff does not even make conclusory legal arguments about Facebook. He simply added the company to the caption. That is not a basis for relief.

Although the case fails on the merits, the Court need not reach them. Instead, the complaint should be dismissed for the following reasons:

- ***First***, the complaint contains no allegations that support this Court's exercise of personal jurisdiction and, in any event, this Court has no personal jurisdiction over Facebook as recently confirmed by Judge Battani.

- ***Second***, the complaint contains no allegations concerning Facebook and thus no basis to hold it liable.

- ***Third,*** Plaintiff fails to satisfy the pleading requirements of Fed. R. Civ. P. 9(b).

- ***Fourth,*** Facebook is entitled to legal immunity under Section 230 of the Communications Decency Act.

In sum, the Amended Complaint should be dismissed with prejudice.

## ARGUMENT

## I.    FACTUAL BACKGROUND

### A.    Plaintiff's Allegations

Plaintiff Martin H. Leaf alleges that he watched an animated video about a team of soccer stars defeating a group of clones who are "ruining everything for everyone." Am. Compl. ¶¶ 9, 50–51. He claims that this video contains hidden anti-

Semitic messaging[2] and hidden pornography. *Id.* at ¶¶ 23, 29. Accordingly, Plaintiff

seeks to enjoin distribution of this six-year old video.[3]

Nowhere in his 66-page Amended Complaint (the "Complaint"), replete with

screenshots and extensive symbological analysis, does Plaintiff allege that Facebook

created the video or has taken any other action regarding the video. Plaintiff does

not allege that Facebook is aware of the hidden messaging in the video.

## B.     Facebook's Operations in Michigan[4]

Facebook operates the world's leading social media service. Over two billion

people use Facebook to create personal profiles, build community, and share content.

---

[2] Plaintiff concedes that the Anti-Defamation League has reviewed the video and deemed it not to be anti-Semitic. Am. Compl. ¶ 21.

[3] This is not the first time Mr. Leaf has seen hidden messages in film. In *Sarah Deming v CH Novi, L.L.C.*, No. 309989, 2013 WL 5629814 (Mich. Ct. App. Oct. 15, 2013), he represented plaintiff in claiming that the film *Drive* violated the Michigan Consumer Protection Act ("MCPA") and should be enjoined from distribution because the trailer for the film failed to disclose hidden anti-Semitism in the film. This claim was rejected by the trial court and the Michigan Court of Appeals. *Id.* at *1. In that case he unsuccessfully sought to recuse the trial judge on a claim that he was an anti-Semite. *Id.* Several years later he brought the same claim in this Court against the same film but in his own name. *See Leaf v. Refn*, No. 16-cv-12149, 2017 WL 2645783 (E.D. Mich. June 20, 2017), *aff'd*, 742 F. App'x 917 (6th Cir. 2018). This claim was rejected by Judge Roberts and the Sixth Circuit. *Id.* He also brought a claim under the MCPA on Ms. Deming's behalf in *Sarah Deming v. Fox Entertainment Group Inc.*, No. 17-cv-11285 (E.D. Mich. May 10, 2018), that the film *Water for Elephants* contained hidden messages. He voluntarily dismissed that case.

[4] The Court is permitted to consider material outside of the complaint when determining whether it can exercise personal jurisdiction over a defendant. *See, e.g.*, *Huizenga v. Gwynn*, 225 F. Supp. 3d 647, 655 (E.D. Mich. 2016) (finding District

Facebook is incorporated in Delaware and has its principal place of business in California. *See* Declaration of Michael Duffey in Support of Facebook, Inc.'s Motion (hereinafter, "Duffey Decl.," attached as **Exhibit A**), ¶ 3. As of June 30, 2020, Facebook employed 52,534 people world-wide. *Id*. at ¶ 6. Facebook has a single office in Michigan, which is in Detroit. *Id*. ¶ 5. The office houses a small team of sales and sales support professionals. *Id*. Facebook's Michigan office headcount comprises less than one half of one percent of Facebook's global workforce. *Id*. ¶ 7. Facebook owns no real property in Michigan and does not have any bank accounts in state either. *Id*. ¶¶ 8–9.

## II.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED UNDER RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION

Plaintiff's complaint must be dismissed because it fails to allege any facts that would establish this Court can exercise personal jurisdiction over Facebook, and, as explained below, it, in fact, cannot exercise such personal jurisdiction.

### A.   Legal Standard

For this Court to exercise personal jurisdiction, due process requires that Facebook have "certain minimum contacts with [Michigan] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). That

---

Court in Michigan lacked specific personal jurisdiction) (noting the Court may "consider the defendant's undisputed factual assertions"); *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (finding lack of personal jurisdiction).

minimum-contacts analysis is intended to protect defendants against the burdens of litigating in distant or inconvenient forums, and to ensure that states do not reach beyond the limits imposed by their status as co-equal sovereigns in a federal system. *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 291–92 (1980).[5] Plaintiff has failed to establish that this Court can exercise personal jurisdiction over Facebook.

Although Facebook as defendant is the moving party, Plaintiff bears the burden of establishing jurisdiction. *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 548 (6th Cir. 2016) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). When deciding a motion to dismiss for lack of personal jurisdiction, the district court is permitted to rely on evidentiary submissions from the moving party. *ABG Prime Grp., LLC v. Innovative Salon Prod.*, 326 F. Supp. 3d 498, 502 (E.D. Mich. 2018) (citations omitted). When deciding the motion based on such evidence, the court is to "consider the pleadings in the light most favorable to the plaintiff" but it may also consider "the defendant's undisputed factual assertions." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (finding lack of personal jurisdiction).

---

[5] *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) ("The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'").

**B.      Facebook Is Not Subject to General Personal Jurisdiction in Michigan**

Personal jurisdiction over a defendant may be established by way of general personal jurisdiction or specific (limited) personal jurisdiction. This Court cannot exercise general personal jurisdiction over Facebook. A court may assert general jurisdiction only when the defendant's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted).

A corporation is normally "at home" in just two places: "the place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Michigan is neither of these places for Facebook, which is incorporated in Delaware and has its principal place of business in California. *See* Duffey Decl. ¶ 3. Accordingly, general jurisdiction would be proper only in the "exceptional case" where Facebook's "operations in [Michigan] 'may be so substantial and of such a nature as to render [Facebook] at home in [Michigan].'" *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (*quoting Daimler AG*, 571 U.S. 139 n.19).  Plaintiff makes no effort to meet this standard. Nor could he meet this burden. Facebook has one small sales office in Detroit where less than one half of one percent of Facebook's global workforce operates. Duffey Decl. ¶¶ 5, 7. It has no real estate or bank accounts in state either. *Id.* ¶¶ 8–9. Facebook lacks the

substantial connections to Michigan to make it subject to general personal jurisdiction. Both the Eastern District of Michigan and the Ingham County Circuit Court have reached this conclusion in recent decisions. *Jackson v. Facebook,* No. 18-cv-12883 (E.D. Mich. Feb. 7, 2020) (finding no personal jurisdiction over Facebook) (attached as **Exhibit B**); *Mbayo v. Facebook,* (Ingham Circuit Court Case No. 18-000698-PC) (dismissing complaint for lack of personal jurisdiction) (attached as **Exhibit C**).

### C.  Facebook is not Subject to Specific Personal Jurisdiction in Michigan

Facebook is not subject to specific personal jurisdiction either. For this Court to exercise specific jurisdiction over Facebook, Plaintiff would have to show that Defendant's "*suit-related conduct* . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added). In determining whether the exercise of "specific jurisdiction" would afford appropriate due process, Michigan courts employ a two-part test. *Trinc, Inc. v. Radial Wheel, LLC*, 533 F. Supp. 2d 730, 732 (E.D. Mich. 2008).

First, the court ascertains whether jurisdiction is authorized by Michigan's long-arm statute. *Id*. at 732-33. Second, the court determines if the exercise of jurisdiction is consistent with the requirements of the Due Process Clause of the Fourteenth Amendment. *Id*. In practice, this inquiry collapses into determining whether the due process requirements are met because Michigan's long arm statute

has been interpreted as conferring "the maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment." *Lak, Inc. v Deer Creek Enters*, 885 F.2d 1293, 1298 (6th Cir. 1989).

The due process analysis involves three questions: (1) Did the defendant purposefully avail itself of the privilege of conducting activities in Michigan? (2) Does the cause of action arise from the defendant's activities in the state? (3) Are the defendant's activities so substantially connected with Michigan that they make the exercise of jurisdiction over the defendant reasonable? *See Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014).

In other words, even if Plaintiff *had* alleged that Facebook conducted specific activities in Michigan, that would not be enough; he would also need to demonstrate that *his specific claims* flowed directly from that conduct. *Id*. And unless he meets that bar, "specific jurisdiction is lacking *regardless* of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Sup. Ct.,* 137 S.Ct. 1773, 1781 (2017) (emphasis added) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931, n.6 (2011)).

Plaintiff fails to satisfy this standard. ***First***, he makes no personal jurisdiction allegations whatsoever. ***Second***, he makes no allegations with respect to Facebook's activities at all. ***Third***, Plaintiff cannot establish that specific personal jurisdiction exists. Even though Facebook maintains a small sales office in Detroit, none of

Plaintiff's alleged injuries stem from any activity conducted by that office. Plaintiff alleges that he viewed a video, without stating in what platform he viewed it. And Plaintiff pleads nothing to indicate how his claims could have arose from Facebook's activities in state. It is fundamental that "[f]or limited personal jurisdiction to attach, the cause of action must arise from the circumstances creating the jurisdictional relationship between the defendant and the foreign state." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1019 (E.D. Mich. 2002) (finding web site was sufficiently interactive to support exercise of personal jurisdiction over registrant) (quoting *Rainsberger v. McFadden*, 174 Mich.App. 660, 662, 436 N.W.2d 412, 413 (1989)). Plaintiffs do not and cannot meet this standard. And that finding was confirmed by the courts in both *Mbayo* and *Jackson, supra.*

For this reason, the exercise of specific jurisdiction here would not be reasonable. The Court must consider whether Facebook's activities are substantially connected with Michigan to make the exercise of jurisdiction over it reasonable, *i.e.*, whether Michigan's exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 356 (6th Cir. 2014) (finding the court lacked personal jurisdiction when nonresident bank officer lacked minimum contacts with Michigan). And, as the Eastern District of Michigan and the Ingham County Circuit Court have both recently held, Facebook does not have those connections. *See* Exhibits B and C.

As stated above, the allegations in Plaintiffs' lawsuit bear no connection whatsoever to Facebook's contacts in the state of Michigan. Thus, its activities are not substantially connected with Michigan and it would be unreasonable to exercise jurisdiction over Facebook. Because this Court lacks personal jurisdiction over Facebook, Plaintiff's claims should be dismissed.

## III.   PLAINTIFF FAILS TO SATISFY THE STANDARDS OF RULE 9(B)

If the Court were to determine that Facebook is somehow subject to jurisdiction in Michigan, the Complaint should still be dismissed. Plaintiff's claim is based upon alleged misrepresentations and omissions regarding the video. To state such a claim, Plaintiff must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp. 3d 1000, 1008 (E.D. Mich. 2015); *see also Kerrigan v. ViSalus, Inc*., 112 F. Supp. 3d 580, 612 (E.D. Mich. 2015). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Nowhere does Plaintiff state with particularity – or, as noted elsewhere in this Motion, even with generality – the information that Facebook allegedly omitted or misrepresented, or the specific conduct Facebook took or failed to take, that might give rise to an MCPA claim. *See Kerrigan*, 112 F. Supp. 3d at 612–13 (E.D. Mich. 2015) (dismissing MCPA claim where plaintiffs did not "specify the allegedly fraudulent statements, identify the speaker, plead when and where the statements

10

were made, and explain what made the statements fraudulent"). Also, the Complaint

contains no facts that could plausibly give rise to an inference that Facebook acted

with malice or intent to deceive its customers. *See Packaged Ice Antitrust Litig.*, 779

F. Supp. 2d at 666 (dismissing MCPA claim for failure to allege an intent to deceive

and for failure to plead fraud with the requisite particularity). As such, the Complaint

should be dismissed.

## IV. PLAINTIFF FAILS TO STATE A CLAIM UNDER RULE 12(B)(6)

Even if the Court were to determine that there is jurisdiction and that the

Complaint somehow satisfies Fed. R. Civ. P. 9(b), the action should still be

dismissed under Fed. R. Civ. P. 12(b)(6). For a complaint to survive a motion under

Rule 12(b)(6), it must contain "direct or inferential allegations respecting all material

elements necessary for recovery under a viable legal theory." *Phila. Indem. Ins. Co.*

*v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (citation and internal quotation

marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Republic Bank & Trust Co. v. Bear Stearns*

*& Co., Inc.*, 683 F.3d 239, 246–47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). Rather, "a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face"

and does not "suffice if it tenders 'naked assertions' devoid of further factual

11

enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

"If 'a cause of action fails as a matter of law, regardless of whether the plaintiff's allegations are true,' then the Court must dismiss." *McKee v. General Motors LLC*, 376 F. Supp. 3d 751, 755 (E.D. Mich. 2019) (quoting *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009)).

Here, there are only two paragraphs (1 and 3) that mention Facebook in any way, and both fall under the "Parties" heading. There is no mention of Facebook in the "Facts" section, Count I, or Count II. In short, with respect to Facebook, the Complaint fails to "state a claim to relief that is plausible on its face" as required by *Iqbal*. To the contrary, this is a textbook case of "'naked assertions' devoid of further factual development," which the Supreme Court has cautioned do not set forth a claim on which relief can be granted. *Id.* at 678.

It is not – and simply cannot – be enough for a plaintiff to name a defendant in the caption of an action, make no substantive allegation against it, and be permitted to seek relief against that defendant.

Indeed, Plaintiff specifically identifies which parties it seeks to hold liable for each of its two counts. On p. 60 of the Complaint, Plaintiff limits Count I, stating "AS TO DEFENDANTS NIKE, WEIDEN + KENNEDY, GOOGLE, AND YOU TUBE." On p. 62, Plaintiff similarly limits Count II, stating "AS TO

DEFENDANTS NIKE, WEIDEN + KENNEDY, GOOGLE, AND YOU TUBE."
This failure to allege which count (or counts) Plaintiff seeks to assert against
Facebook is fatal. *See Nouri v. TCF Bank*, No. 10-12436, 2011 WL 836764, at *3–
4 (E.D. Mich. Mar. 9, 2011) (granting moving defendant's motion to dismiss for
failure to state a cause of action where the caption of the amended complaint listed
movant, but the body of the complaint did not indicate which claims were asserted
against her and contained no factual allegations pertaining to any conduct by her).

Here, as in *Nouri,* the Plaintiff identifies a defendant in the caption, but does
not indicate which count or counts it seeks to assert against the defendant. And, as
in *Nouri,* the Plaintiff makes "no factual allegations whatsoever pertaining to any
conduct" by defendant. So, as in *Nouri,* the Court should determine that the
Amended Complaint fails to state any cause of action against defendant Facebook.

## V.   THE COMMUNICATIONS DECENCY ACT, 47 U.S.C. §230(C)(1), REQUIRES DISMISSAL

Even if Plaintiff were able to overcome its lack of personal jurisdiction, failure
to allege anything improper about Facebook's behavior, and meet the required
pleading standards, dismissal would *still* be required here. The Communications
Decency Act of 1996, 47 U.S.C. §230(c)(1), immunizes Facebook from liability for
third-party content posted on its platform. As such, any amendment by Plaintiff
would be futile, and the Court should dismiss this Complaint with prejudice.

## A.     The Standard for Dismissal Under Section 230

Dismissal of claims under Fed. R. Civ. P. 12(b)(6) is appropriate when a plaintiff's claims are precluded as a matter of law. "Section 230 of the CDA immunizes providers of interactive computer services against liability arising from content created by third parties. Section 230(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 406 (6th Cir. 2014).

Applying Section 230 is particularly appropriate at the motion-to-dismiss stage because Section 230 provides "an *immunity from suit* rather than a mere defense to liability" that is "effectively lost if a case is erroneously permitted to go to trial." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 254 (4th Cir. 2009) (internal citations omitted) (emphasis in original) (finding immunity is "generally accorded effect at the first logical point in the litigation process."). *See also McDonald v. LG Elecs. USA, Inc.*, 219 F. Supp. 3d 533, 540 (D. Md. 2016) (granting dismissal with prejudice of negligent failure to warn claim against Amazon); *Klayman v. Zuckerberg*, 753 F.3d 1354, 1360 (D.C. Cir. June 13, 2014).

If online providers faced "[t]he specter of tort liability" for all harms arising from third-party information, that "would have an obvious chilling effect" and could "severely restrict" Internet content. *Zeran v. Am. Online, Inc*., 129 F.3d 327, 331

(4th Cir. 1997). To further the policies underlying the CDA, this Court should apply Section 230 and dismiss Plaintiff's claim with prejudice.

### B.      Facebook is Entitled to Section 230's Immunity.

Section 230 bars Plaintiff's claims even if properly asserted against Facebook. The CDA bars a plaintiff's claims when (1) defendant is a provider or user of an interactive computer service; (2) the relevant content contains information provided by another information content provider; and (3) the complaint seeks to hold defendant liable for content originating from a third-party user of its service. *See* 47 U.S.C. § 230(c)(1); *Force v. Facebook, Inc*., 934 F.3d 53, 64 (2d Cir. 2019), *cert. denied*, No. 19-859, 2020 WL 2515485 (U.S. May 18, 2020); *see also Zeran*, 129 F.3d at 330. Each element is satisfied here.

#### 1.      *Facebook is an Internet Service Provider*

Facebook indisputably provides "interactive computer services" under Section 230, and courts have repeated acknowledged this. *See, e.g.*, *Force, supra,* at 63; *Klayman, supra,* at 1357.

#### 2.      *Plaintiff Does Not Allege that Facebook Created the Video*

Plaintiff admits that the Last Game video was created by Nike and/or Wieden + Kennedy. Am. Compl. ¶¶ 2–3. Thus, accepting Plaintiff's allegations as true, the "relevant content contains information provided by another information content provider" other than Facebook.

As the court in *Klayman* explained,

> Indeed, the complaint nowhere alleges or even suggests that Facebook provided, created, or developed any portion of the content that Klayman alleges harmed him. Instead, liability in this complaint rests on "information provided by another information content provider," within the meaning of Section 230(c)(1). This case thus presents no occasion to address the outer bounds of preemption under the Act…"

*Klayman,* 753 F.3d 1354, 1358. Here, as in *Klayman,* the second prong of the Section 230 analysis is met.

### 3.    *Plaintiff Seeks to Hold Facebook Liable for Other's Content*

As noted repeatedly, Plaintiff does not actually allege anything against Facebook. Were he to do so, however, it would necessarily be that Facebook is somehow liable for content uploaded by a third party. That, of course, is precisely what the third prong of the Section 230 analysis looks to and ensures that any such claim is barred.

Because Plaintiff, even if he were to properly allege a claim against Facebook, would be barred from recovery on the basis of Section 230, any further amendment to his Complaint as to Facebook would be futile. "A court need not grant leave to amend, however, where amendment would be "futile." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres*., 632 F.2d 21, 23 (6th Cir.1980)." *Miller v. Calhoun Cty*., 408 F.3d 803, 817 (6th Cir. 2005).

16

### 4. *Facebook is Entitled to Immunity*

Facebook has, as set out above, satisfied each of the three prongs of the test required for immunity under Section 230 and thus dismissal under Fed. R. Civ. P. 12(b)(6). As such, it is entitled to dismissal of this action. Further, because Section 230 would necessarily bar any claim against Facebook on the facts alleged by Plaintiff, any further amendment would be unable to change these alleged facts and therefore would be futile. Accordingly, the Court should dismiss Plaintiff's claims with prejudice.

## CONCLUSION

For the foregoing reasons, this case should be dismissed for lack of personal jurisdiction. If the Court determines it has personal jurisdiction over Facebook, Facebook is entitled to dismissal, with prejudice, of Plaintiff's Complaint.

Respectfully Submitted,

Dated:       August 11, 2020           */s/ Michael P. Hindelang*

Michael P. Hindelang (P62900)
James E. Stewart (P23254)
Shannon Duggan (P83211)
HONIGMAN, LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
313 465 7412 (Telephone)
mhindelang@honigman.com

17

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on August 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all registered participants.

Respectfully submitted,

HONIGMAN LLP

By: /s/ Michael P. Hindelang
       Michael P. Hindelang (P62900)
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226-3506
(313) 465-7412
mhindelang@honigman.com
*Attorney for Defendants*

35705429.1

18