UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN H. LEAF,

    Plaintiff,

v.

NIKE INC.; WIEDEN + KENNEDY, INC.; FACEBOOK INC.; GOOGLE LLC; YOUTUBE, L.L.C.; and TWITTER, INC.,

    Defendants.

Case No. 20-11491

Honorable Stephen J. Murphy, III

Magistrate Judge David R. Grand

**NIKE, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**
_____

NIKE established in its Opening Brief (DE 23) that the FAC should be dismissed for failure to state a claim. Plaintiff's Response (DE 31) seeks to avoid much of the authority in the Opening Brief and does not remedy this failure. This case should be dismissed.

## ARGUMENT

### I. PLAINTIFF'S MCPA CLAIMS FAIL AS A MATTER OF LAW.

#### A. Plaintiff Fails to State a Claim Under Section 445.903(1)(s).

As explained in the Opening Brief, Plaintiff's claim under Section 445.903(1)(s) of the MCPA should be dismissed because Plaintiff does not and cannot allege that NIKE omitted material facts about the Film in a manner that was misleading or deceitful. Rather, Plaintiff alleges that NIKE should have disclosed that the Film communicates an anti-Semitic motive or pornographic material through symbols and subliminal speech – but Plaintiff's subjective view of the purportedly scandalous nature of the Film is not a verifiable fact.

In his Response, Plaintiff argues that his subjective and personal interpretation of the Film "must be assumed to be true under *Ashcroft v. Iqbal*." (DE 31, Pg ID 963). Even accepting for purposes of this Motion his interpretation as true, the Sixth Circuit has held – in a similar claim involving Plaintiff – "Leaf himself must experience an injury caused by the film, but he admits that he was not misled." *Leaf v. Refn*, 742 F. App'x 917, 927 (6th Cir. 2018). Here, as in *Refn*, Plaintiff admits he was not deceived and was instead able to identify the allegedly

1

disturbing content in the Film, with the "material fact" he contends NIKE concealed noticeable to him. *See* FAC ¶ 23. Thus, Plaintiff cannot recover under Section (1)(s) of the MCPA, which requires that he allege a failure to disclose a material fact, the "omission of which tends to mislead or deceive the consumer." MCL 445.903(1)(s). Consistent with *Refn*, Plaintiff's claim under Section (1)(s) of the MCPA fails as a matter of law and should be dismissed.

### B. Plaintiff Fails to State a Claim Under Section 445.903(1)(cc).

NIKE made clear in its Opening Brief that Count II of the FAC, for an alleged violation of MCL 445.903(1)(cc), fails because Plaintiff does not and cannot allege that NIKE represented whether the Film does or does not contain so-called "Implanted Hate." Section (1)(cc) prohibits "[f]ailing to reveal facts that are material to the transaction in light of representations of fact *made in a positive manner*." (emphasis added). As in *Refn*, "the requisite 'positive' misrepresentation is lacking," because Plaintiff does not point to any affirmative representation by NIKE, nor could he. 742 F. App'x at 927.

In his Response, Plaintiff argues that this Court should ignore the Sixth Circuit's carefully reasoned opinion in *Refn*, despite it being directly on point and involving nearly identical claims by this same Plaintiff. (DE 31, Pg ID 973-78). Plaintiff instead urges the Court to follow the holding in *Brownlow v. McCall*

2

*Enters.,* 315 Mich. App. 103; 888 N.W.2d 295 (2016). *See* DE 31, Pg ID 974-77. Unfortunately for Plaintiff, *Brownlow* does not support his claim.

The claims in *Brownlow* stemmed from a small fire that filled the plaintiffs' house with smoke. The plaintiffs' insurer retained McCall Enterprises to remove the smoke odor from the home – McCall placed an ozone generator in plaintiffs' kitchen and let it run for 24 hours. When the plaintiffs returned, the odor was gone but there was new damage to the inside of their home. *See, e.g.,* 315 Mich. App. at 107. The Michigan Court of Appeals, when reviewing the Section (1)(cc) claim, found that "there is a genuine issue of material fact whether defendant positively represented that the machine would in fact eliminate the smoke odor," because the plaintiffs had offered conflicting testimony on this point and therefore had not shown how summary judgment in their favor was appropriate. *Id.* at 128.

Here, however, Plaintiff has not, and cannot, identify any positive factual representations made by NIKE. Plaintiff's claim under Section (1)(cc) of the MCPA fails as a matter of law and should be dismissed.

## II. THE FIRST AMENDMENT BARS PLAINTIFF'S CLAIMS.

The Film is a short animated production that NIKE released before the 2014 FIFA World Cup, which "tells the tale of a world where football has become bereft of risk and beauty, and only the world's greatest players can save the game from

3

extinction."[1]  In his Response, Plaintiff argues that the Film is "economically motivated – it is employed to sell Nike gear," and thus it may be "regulated." (DE 31, Pg ID 981-82).

But movies like the Film are protected under the First Amendment regardless of whether they are fictitious, made for profit, or intended to entertain audiences. *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 501-02 (1952).  And although NIKE entirely rejects Plaintiff's scandalous and highly idiosyncratic characterization of the Film, such works of creative expression are entitled to the full protections afforded by the First Amendment of the United States Constitution.  *See e.g., James v. Meow Media, Inc.,* 300 F.3d 683, 695-96 (6th Cir. 2002) ("It is long settled that movies can constitute protected speech.  Of more recent, but no less definitive, resolution is that internet sites are similarly entitled to protection.") (internal citations omitted).

Thus, even assuming solely for the purposes of this Motion that Plaintiff's bizarre claims are true, the First Amendment nonetheless bars any effort to censor the Film and NIKE's freedom of speech.  Because the Film is protected expression under the First Amendment, Plaintiff's claims fail as a matter of law and should be dismissed.

---

[1] NIKE News, "Nike Football to Release 'The Last Game' Animated Film on June 9," (June 5, 2014), https://news.nike.com/news/nike-football-last-game-movie.

4

## III. PLAINTIFF SHOULD NOT BE PERMITTED TO FURTHER AMEND HIS COMPLAINT.

Although the operative complaint currently before the Court is styled as the "First Amended Complaint," Plaintiff has already twice amended his Complaint.[2] *See* DE 1, 3, and 16. Plaintiff refers repeatedly in his Response to a proposed second amended complaint. *See, e.g.*, DE 31, Pg ID 960 ("Plaintiff's FAC provides sufficient factual support for plausible claims that Plaintiff alleges. However, this pleading on occasion refers to Plaintiff's proposed SAC, only to illustrate additional facts Plaintiff expects this Court to allow since leave to Amend 'should be granted freely when justice requires.'").

Plaintiff should not be allowed to amend yet again.[3] While Fed. R. Civ. P. 15 provides that "leave shall be freely given when justice so requires," a motion to amend a complaint should be denied "in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." Fed. R. Civ. P. 15 (a); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*,

---

[2] Plaintiff first pursued these claims against NIKE in October 2018, suing NIKE and others in this Court for alleged violations of the MCPA, relating to the Film. *See* Case No. 18-13406. The Court dismissed the complaint for failure to serve any defendant. *Id.* at DE 6.

[3] On August 24, 2020, Plaintiff filed a "Motion for Leave to File Second Amended Complaint," where Plaintiff notes that he intends to add Jon Saunders, the Film's director, as a Defendant and also "seeks to add facts regarding terror threats." (DE 35, Pg ID 1017). NIKE's response to Plaintiff's Motion is due on September 8, 2020.

5

371 U.S. 178 (1962)). A motion to amend a pleading is futile when the proposed amended pleading itself would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

Plaintiff has not met the standard for leave to amend under Rule 15 and the issue of whether he has pled a claim upon which relief can be granted is fully briefed. A further amended complaint therefore would be futile and suffer from the same fatal defects as its predecessors, and is thus neither necessary nor appropriate.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, and those outlined in its Opening Brief, NIKE requests that this Court enter an Order dismissing the Complaint with prejudice and granting such other relief as is appropriate.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

Dated: August 25, 2020

By: /s/ Nasseem S. Ramin
Thomas M. Schehr (P54391)
Nasseem S. Ramin (P73513)
*Attorneys for Defendant NIKE, Inc.*
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-6800
tschehr@dykema.com
nramin@dykema.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will provide notice of such filing to all parties and counsel of record.

/s/ Nasseem S. Ramin