UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| MARTIN H. LEAF, | Case No.: 2:20-cv-11491-SJM-DRG |
| Plaintiff, | Honorable Stephen J. Murphy, III |
| v. | Magistrate Judge David R. Grand |
| NIKE INC.; WIEDEN+KENNEDY, INC.; FACEBOOK INC.; GOOGLE LLC; YOUTUBE, LLC; and TWITTER, INC., | |
| Defendants. | |

---

**DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC'S MOTION TO DISMISS AND NOTICE OF JOINDER/CONCURRENCE WITH NIKE, INC.'S MOTION TO DISMISS**

# DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC'S NOTICE OF MOTION TO DISMISS

PLEASE TAKE NOTICE that, upon the accompanying brief, as well as all prior papers and proceedings in this action, Defendants Google LLC and YouTube, LLC move this Court for an Order dismissing this case under Fed. R. Civ. P. 12(b)(6).

This Motion will be heard before the Honorable Stephen J. Murphy, III, United States District Judge, at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 252, Detroit, Michigan, 48226, on a date and time to be set by the Court.

Respectfully submitted,

Dated: September 14, 2020

WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation

By: ___/s Brian M. Willen___
Brian M. Willen (P75110)
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for *Defendants*
*Google LLC and YouTube, LLC*

## DEFENDANT GOOGLE LLC AND YOUTUBE, LLC'S NOTICE OF JOINDER AND BRIEF IN SUPPORT OF MOTION TO DISMISS

## Concise Statement of Issues Presented

Should Plaintiff's claims against Defendants Google LLC and YouTube, LLC (collectively "the Google Defendants") be dismissed: (1) for the same reasons stated in Defendant Nike's Motion to Dismiss, which the Google Defendants hereby join; and (2) under Fed. R. 12(b)(6) because the Google Defendants are entitled to immunity under Section 230(c)(1) of the Communications Decency Act?

## **Controlling or Most Appropriate Authority**

*Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398 (6th Cir. 2014).

*O'Kroley v. Fastcase, Inc.*, 831 F. 3d 352 (6th Cir. 2016)

For its response to Plaintiff's "First Amended Complaint" (DE 16), Defendants Google LLC and YouTube, LLC (collectively "the Google Defendants") hereby give notice that they join and concur in the relief requested by Defendant Nike, Inc. ("Nike") in its Motion to Dismiss (DE 23). Nike's Motion is fully briefed, with Plaintiff having filed a Response and Nike having filed a Reply. Because Plaintiff's claims against the Google Defendants are derivative of his claims against Nike, granting Nike's Motion to Dismiss also requires dismissal of the claims against the Google Defendants.[1]

In addition, the Google Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's First Amended Complaint on the separate ground that Plaintiff's claims against them are barred by Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. 230(c)(1).[2] *Accord* DE 26 at 13-17 (Defendant Facebook's Motion to Dismiss). "Section 230 of the CDA immunizes providers of interactive computer

---

[1] Plaintiff has moved for leave from the Court to amend the First Amended Complaint (DE 38). While the Google Defendants also join Nike in opposing Plaintiff's motion for leave to amend (DE 48), if Plaintiff were granted leave to file a Second Amended Complaint, the Google Defendants reserve their right to make additional arguments in support of a motion to dismiss that complaint.

[2] In accordance with E.D. Mich. L.R. 7.1(a), counsel for the Google Defendants explained the legal basis for this Motion to Dismiss and requested Plaintiff's concurrence in the relief that it seeks, which counsel for Plaintiff refused by email dated September 11, 2020.

services against liability arising from content created by third parties." *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 406 (6th Cir. 2014). Applying Section 230 is particularly appropriate at the motion-to-dismiss stage because Section 230 provides "an *immunity from suit* rather than a mere defense to liability" that is "effectively lost if a case is erroneously permitted to go to trial." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) (internal citations omitted) (emphasis in original); *accord Jones*, 755 F.3d at 417.

"[C]ourts have recognized that § 230 bars a claim if (1) the defendant asserting immunity is an interactive computer service provider, (2) the particular information at issue was provided by another information content provider, and (3) the claim seeks to treat the defendant as a publisher or speaker of that information." *Jones*, 755 F.3d at 409. Each element is met here. *First*, the Google Defendants are indisputably the providers of an "interactive computer service." *See O'Kroley v. Fastcase, Inc.*, 831 F. 3d 352, 355 (6th Cir. 2016) ("Google is an interactive computer service"); *Gonzalez v. Google, Inc.*, 282 F. Supp. 3d 1150 (N.D. Cal. 2017) (claims against YouTube barred by Section 230). *Second*, Plaintiff admits that the promotional video was created by Nike and/or Wieden + Kennedy. FAC ¶¶ 2–3. There is no suggestion that the Google Defendants had anything to do with creating or developing any of the content at issue. *Third*, while Plaintiff makes no actual allegations against the Google Defendants specifically, the only even possible basis for his claims is that the Google Defendants

are somehow liable for displaying or publishing a video uploaded by Nike or a third party. That is precisely what Section 230 prohibits. *See O'Kroley*, 831 F.3d at 355 ("If a website displays content that is created entirely by third parties, ... [it] is immune from claims predicated on that content.") (quoting *Jones*, 755 F.3d at 408).

WHEREFORE, the Google Defendants respectfully request that this Court grant the Motions to Dismiss, dismiss the First Amended Complaint with prejudice as to the Google Defendants, and award any other relief this Court finds just and equitable.

Respectfully submitted,

Dated: September 14, 2020

WILSON SONSINI GOODRICH & ROSATI
　Professional Corporation

By: */s Brian M. Willen*
Brian M. Willen (P75110)
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for *Defendants*
*Google LLC and YouTube, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will provide notice of such filing to all parties and counsel of record.

*/s Brian M. Willen*