UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN H. LEAF,
  An individual citizen of Michigan,

            Plaintiff.

v.

NIKE INC.,
  An Oregon Corporation,

WIEDEN + KENNEDY, INC.
  An Oregon Corporation,

GOOGLE LLC,
  A Delaware limited liability company,

YOUTUBE, L.L.C.,
  A Delaware limited liability company,

            Defendants.


.

Case 2:20-cv-11491-GCS-RSW

REPLY BRIEF FOR
MOTION FOR LEAVE TO
FILE SECOND AMENDED
COMPLAINT

# Table of Contents

I.   COUNT I IS NOT FUTILE IN THE PROPOSED SAC ....................................1

II.  COUNT II IS NOT FUTILE IN THE PROPOSED SAC...................................2

III. DEFENDANTS' FIRST AMENDMENT ARGUMENT FAILS......................5

# Table of Authorities

## Cases

*Bolger v Youngs*,
    463 U.S. 60,  66 (1983)..........................................................................6

*Brownlow v. McCall Enters., Inc.*,
    315 Mich. App. 103 (Mich. Ct. App. 2016) ....................................4, 5

*Hoven v. Walgreen Co.*,
    *751 F.3d 778, (6th Cir. 2014)*.............................................................1

*Leaf v. Refn*,
    742 F. App'x 917 (6th Cir. 2018) ............................................. 1, 2, 4

*People v Czarnik*,
    no. 3338856 (Mi COA 2018)..............................................................6

## Statutes

18 U.S.C. §371(472) .................................................................................7

18 U.S.C. 871 ...........................................................................................6

MCL §750.145c .........................................................................................6

MCL §750.145d .........................................................................................6

**Constitutional Provisions**

First Amendment......................................................................................5, 6

## I.    COUNT I IS NOT FUTILE IN THE PROPOSED SAC

Defendants rely on the unpublished *Leaf v. Refn*, 742 F. App'x 917 (6th Cir. 2018) stating that: "Leaf himself must experience an injury *caused by the film*, but he admits that he was not misled." [Emphasis added] That statement is not in accordance with the statutory language of the MCPA, which this Court must follow the way the Michigan Supreme Court would do, *Hoven v. Walgreen Co., 751 F.3d 778, (6th Cir. 2014)* ). The MCPA – MCL §445.911(2) states in plain language:

> Except in a class action, a person **who suffers loss because of a violation of this act** may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees. [Emphasis added]

Leaf identifies here, as in *Refn*, the violations of the MCPA - §445.901(s) and §445.901(cc). Leaf next identifies the loss *suffered because of Defendants' violations*. Leaf suffered the complained of emotional damages due to the subtle and hidden/nonconscious: racial hatred; child pornography and child related pornography and sexual content regarding children; and terror threats. (Proposed SAC ¶ 180). That completes the cause of action.  Nowhere is there a requirement in the statute or any case regarding the timing of Plaintiff's discovery of the violations as long as it is not before *the resulting damages*.

Defendants' argument is also in error and inapplicable because it defies common sense as well as every MCPA case. Defendants' argument leads to the

1

absurdity that an MCPA case can never be brought because discovering the deception precludes an MCPA action, and not discovering the deception obviously also results in no legal action.

Just to set the record straight, obviously, and as can be verified in the pleadings in *Refn*, Leaf claimed that because of violations of §445.901(s) and §445.901(cc) Leaf suffered a loss by purchasing a ticket for a less than worthless movie to Leaf – due to the content he discovered. A valid complete MCPA claim. The actual damage claimed was the price of the worthless ticket.

The proposed SAC also states that Nike's disavowal of anti-Semitism (proposed SAC ¶74) <u>and</u> their positive representations (proposed SAC ¶67) were a factor that caused Leaf not to be able to reasonably know about the deception. Defendant Nike and Wieden + Kennedy cannot be seriously arguing that Leaf should not have believed all of the positive representations of fact by Defendant Nike that would have led Leaf – or anyone else - to believe The Nike Ad did *not* contain the material facts Leaf complains about – *all of them*.

## II.    COUNT II IS NOT FUTILE IN THE PROPOSED SAC

Defendants argue that the proposed SAC is futile because Nike never made a positive representation that Nike respects all religions. But Defendant Nike *did*

make that representation which Leaf read prior to watching The Nike Ad, as the

SAC demonstrates.

Defendants represent to this Court in their opposition to Leaf's Motion for

Leave To File The SAC by stating the following which is false (Response To

Leave to File SAC p. 7) :

> **Instead, Leaf describes alleged actions taken by NIKE—like committing to safe work places and "carefully consider[ing] logo design," concluding that such actions lead [sic] him to believe that "Nike respected all religions."**

However Leaf stated in the proposed SAC that Defendant Nike made the

following false statement of fact in a positive manner (proposed SAC ¶74): **"We**

**respect all religions and the image was in no way designed to cause any**

**offense."** This false representation, as well as the false representation that the Logo

was not intended to be, nor was a Jewish Star,  was also demonstrated in the

proposed SAC with the screen shot of the web site Leaf viewed prior to viewing

The Nike Ad (proposed SAC Ex. 17.2).

In addition, all the *well-known*[1] representations of fact Nike made in the

proposed SAC, which are clearly "representations of fact made in a positive

---

[1] These representations by Nike about how moral and ethical and "woke" they are, were widely publicized to everyone, including Leaf prior to Leaf watching the Nike Ad, to make more money by convincing everyone about the virtues of Defendant Nike.

manner" more than support Count II (proposed SAC ¶67), which Defendants again fail to reveal to this Court.

Again Defendants use the nowhere to be found in the MCPA "misrepresentation". "This, in *Refn*: "the requisite 'positive' *misrepresentation* is lacking,"  (Response To Leave to File SAC p. 7) . Michigan case law is clear that the "facts material to the transaction" are ANY facts that the consumer deems are material to the transaction based on, or "in light of representations of fact made in a positive manner" which can be ANY such representations.

An actual case will illustrate. Plaintiff is told that Defendants' ozone machine will remove smoke damage to a home. That is a representation of fact made in a positive manner. However, to Plaintiff, a material fact *for such use* is whether or not the machine will damage the furniture in his home. If Defendant failed to reveal such material fact, as required by the MCPA, there is a cause of action under §445.901(cc) .

Defendants are urging this court to take a position contrary to Michigan law and common sense. Defendants wrongly believe that the representation of facts made in a positive manner in the ozone generator case would have to be something like: "This ozone machine is friendly to furniture". According to Defendants, silence regarding the ozone machine and the furniture damage it causes gets Defendants off the hook. That is an invented requirement of  §445.901(cc)  and

*encourages* fraud. **It also directly contradicts the facts and holdings of**

*Brownlow v. McCall Enters., Inc.*, 315 Mich. App. 103 (Mich. Ct. App. 2016).

The proof that the Defendants are wrong is that in *Brownlow*, Defendant never mentioned anything about furniture damage and yet the cause of action for furniture damage was valid under those facts – provided of course Defendant actually made the representation that the ozone machine could remove household smoke, a question for the jury. *Id* at 128.

So here is the *Brownlow* holding applied to this case. The representation of fact made in a positive manner *is as basic as* "The animated soccer Ad is from Nike". The material facts for Leaf given that, or "in light of" the fact it is a Nike animated soccer Ad , or in light of the fact it is just a Nike Soccer Ad are: hidden and subtle - pornography, Racism, and Terror threats. If Nike failed to reveal the preceding facts *material to the transaction* – i.e. Leaf watching the Nike Ad – then there is a complete cause of action. Add to this what Nike allegedly falsely said about the logo being a soccer ball and respect for all religions, etc.. and the deception is even greater.

## III.    DEFENDANTS' FIRST AMENDMENT ARGUMENT FAILS

As for Defendants renewed erroneous arguments regarding The First Amendment – an affirmative defense -  that argument fails. The Court must zero in on the deceptive commercial speech – which gets no First Amendment Protection -

at issue here and as clarified in the proposed SAC, and herein. Defendant is improperly urging that the Deceptive commercial speech be ignored, and that the Court focus *only* on The Nike Ad.

The deceptive commercial speech here is Nike's statements regarding no anti-Semitism and no anti-Semitic symbols, together with all of Defendant Nike's deceptive statements regarding Nike's ethics and "wokeness", and sensitivity to Racism, religions, and religious symbols etc.. . because they are designed to get one to "buy into Nike" and their advertisements, which satisfies the three prong commercial speech test of *Bolger v Youngs,* 463 U.S. 60,  66 (1983). (Response to Nike MTD p.29). The Nike Ad belies all the preceding positive representations of fact made by Defendant Nike.

Setting aside the deceptive commercial speech which has the effect of an illegal lure to view The Nike Ad and therefore Nike products, the content of The Nike Ad itself gets no First Amendment protection. Electronic distribution of child pornography (18 U.S.C. §2252(a)(2)) – as alleged - gets no First Amendment protection. General pornography electronically promoted to minors gets no First Amendment protection (MCL §750.145c, MCL §750.145d, and *People v Czarnik,* no. 3338856 (Mi COA 2018)). So too  criminal speech, such as certain speech

regarding the assassination of the president (18 U.S.C. 871)[2], speech pursuant to a

criminal conspiracy and so on (18 U.S.C. §371(472)), to wit conspiracy to

manufacture counterfeit currency. Defendant has inexplicably refused to address

this issue despite the Exhibits clearly depicting this reprehensible deliberate

outrage – notwithstanding  its diabolical manifestation of sophistication and skill.

Subliminal content also gets no First Amendment protection as argued

throughout  - because it negates the purpose of the First Amendment, the

promotion of ideas – which has also not been refuted by Defendant.

Date: September 15, 2020

Respectfully submitted,

/s/Martin H. Leaf (P43202)                    /s/Herman Petzold
Martin H. Leaf PLLC                            Herman Petzold(P41760)
Attorney for Plaintiff                            19641 Mack Ave.
19641 Mack Ave.                                 Grosse Pointe Woods, MI 48236
Grosse Pointe Woods, MI 48236          Main: (616) 881-2127
248.687.9993 Fax. 248.479.0493         Cell: (616) 881-2127
leafmartin@gmail.com                          hgp_3@yahoo.com

/s/ Douglas MacLean
Douglas MacLean (P48880)
Attorney for Plaintiff
19641 Mack Ave.
Grosse Pointe Woods, MI 48236
Tel. (313) 928.5310
dougmaclean@hotmail.com

---

[2] The Nike Ad's lead animator most likely violated this criminal statute. See proposed SAC Ex. 17. 2 . "I'd be a huge fan of his [Trump's] assassin. Does that count?"