UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN LEAF,

          Plaintiff,

v.

NIKE INC., et al.,

          Defendants.
_____/

Case No. 2:20-cv-11491

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS OPINION AND ORDER

Plaintiff sued Defendants for violating the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws §§ 445.903(1)(s), (cc). ECF 16, PgID 578–83. Defendant Nike moved to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 23. Defendant Wieden + Kennedy then joined Defendant Nike's motion to dismiss. ECF 47. After reviewing the parties' briefs, the Court finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons stated below, the Court will grant Defendants Nike and Wieden + Kennedy's motion to dismiss.

### BACKGROUND

Before the 2014 FIFA World Cup, Defendant Nike contracted with Defendant Wieden + Kennedy to create an animated short film called *The Last Game*. ECF 16, PgID 522. Plaintiff first learned of the film after reading an article in *The Times of Israel*. *Id.* at 527. The article reported that the Anti-Defamation League had dismissed claims that *The Last Game* was anti-Semitic. Ilan Ben Zion, *ADL Rejects Anti-Semitism in Nike Ad*, The Times of Israel, June 11, 2014, (accessed on Oct. 29,

1

2020), https://bit.ly/3jFHxpl [https://perma.cc/9QHV-7ZE2]. But Plaintiff decided to still view the YouTube video.[1] ECF 16, PgID 527.

Plaintiff gave *The Last Game* "numerous viewings, over a period of months, including frame by frame[.]" *Id.* (emphasis omitted). After the extensive analysis, Plaintiff determined that *The Last Game* "was anti-Semitic and was materially and deceptively so." *Id.* (emphasis omitted). Plaintiff also claimed that "some of the deception . . . was not discovered until many months and many viewings after Plaintiff [] first viewed" the film. *Id.* at 577.

A viewer may watch *The Last Game* and identify a plot about "the world's greatest [soccer] players" competing against a team of clones. ECF 23, PgID 845. But to Plaintiff, *The Last Game* has subliminal images—including "child pornography"—and features an "evil 'Devil' Jew," that unconsciously causes the viewer to "hate Jews, or otherwise negatively affect[] their minds." ECF 16, PgID 525–33.

For example, in the opening frame, Plaintiff identified a subliminal image: a skull and cross bones, that Plaintiff alleged was a "non-conscious Nazi, Neo Nazi, and Satanic symbol[.]" *Id.* at 533–34. In other parts of the film, Plaintiff allegedly spotted subliminal, sexually explicit images of minors, "a soccer player on his back clearly and graphically masturbating[, and] another soccer player ejaculating." *Id.* at 544. In brief, Plaintiff described dozens of similar subliminal messaging tactics found

---

[1] The video is available at ECF 16, PgID 527; *Nike Football: The Last Game full edition*, YouTube, (Oct. 29, 2020), https://bit.ly/37PWbrO [https://perma.cc/RQ9C-NB6K].

throughout *The Last Game. See generally* ECF 16. Plaintiff also alleged that "[t]he full extent of [*The Last Game*'s] material deception is still not known to Plaintiff[.]" *Id.* at 577.

Given all the alleged subliminal messages, Plaintiff sued Defendants for violating the MCPA, §§ 445.903(1)(s), (bb), (cc) and civil conspiracy. *Leaf v. Nike, Inc.*, 18-13406, ECF 1, PgID 83–91 (E.D. Mich. 2018). But the Court dismissed the case without prejudice for failure to timely serve. *Leaf*, 18-13406, ECF 6.

Almost eighteen months later, Plaintiff sued Defendants once more but only for violating the MCPA, §§ 445.903(1)(s), (cc). ECF 1, PgID 18–22. And before Defendants responded to the complaint, Plaintiff filed an amended complaint that alleged the same two MCPA violations. ECF 16. Defendants Nike and Wieden + Kennedy later moved to dismiss the first amended complaint under Rule 12(b)(6). ECF 23; ECF 47.

## STANDARD OF REVIEW

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the nonmoving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

**DISCUSSION**

I. <u>Defendant Nike's Motion to Dismiss</u>

In the first amended complaint, Plaintiff alleged that Defendants violated two provisions of the MCPA, §§ 445.903(1)(s), (cc). ECF 16, PgID 578–83. "The MCPA provides protection to Michigan's consumers by prohibiting various methods, acts, and practices in trade or commerce." *Slobin v. Henry Ford Health Care*, 469 Mich. 211, 215 (2003). Because MCPA claims "are essentially claims for fraudulent omission . . . [Plaintiff] must state with particularity the circumstances constituting the fraudulent omission." *Storey v. Attends Healthcare Prods., Inc.*, No. 15-cv-13577, 2016 WL 3125210, at *10 (E.D. Mich. June 3, 2016); *see* Fed. R. Civ. P. 9(b) ("In alleging fraud[], a party must state with particularity the circumstances constituting fraud[.]"). The Court will now address each MCPA claim in turn.

*A. Plaintiff's Claim Under Mich. Comp. Laws § 445.903(1)(s)*

To begin, Plaintiff's first MCPA claim fails under Rule 12(b)(6) because Plaintiff was not misled about any material fact. Section 455.903(1)(s) prohibits the failure "to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer." The Michigan Court of Appeals has explained that for the latter half of the statute, "the issue is not whether the omission is misleading to a reasonable consumer but whether

4

the consumer could reasonably be expected to discover the omission at issue." *Zine v. Chrysler Corp.*, 236 Mich. App. 261, 284 (1999).

Here, even accepting Plaintiff's allegations as true, Plaintiff has not alleged that he satisfied the latter part of Section 455.903(1)(s). Plaintiff alleged that he first learned about *The Last Game* after reading a news article. ECF 16, PgID 527. In the news article, Plaintiff read that some individuals had thought *The Last Game* was anti-Semitic. *Id.* Yet in the same article Plaintiff also read about how the Anti-Defamation League thought *The Last Game* was not anti-Semitic. *Id.* Presuming the truth of those factual assertions, the only reasonable inference the Court can draw is that Plaintiff knew that *The Last Game* might appear anti-Semitic even before he viewed it. *See Bassett*, 528 F.3d at 430. Because Plaintiff knew that *The Last Game* might appear anti-Semitic to some individuals, Plaintiff and other consumers "could reasonably be expected to discover" the alleged anti-Semitism. *See Zine*, 236 Mich. App. at 284.

Thus, even though Plaintiff claimed that Defendants had concealed *The Last Game*'s anti-Semitism from him, Plaintiff also claimed that the film's anti-Semitism was readily apparent to him. But both contentions cannot be true. In short, because Plaintiff was not misled about *The Last Game*'s alleged anti-Semitism, he has not suffered a cognizable injury under the MCPA. *See Leaf v. Refn*, 742 F. App'x 917, 927 (6th Cir. 2018) ("[Plaintiff] himself must experience an injury caused by the film, but he admits that he was not misled."). The Court will therefore dismiss the first MCPA claim against Defendants Nike and Wieden + Kennedy.

### B. *Plaintiff's Claim Under Mich. Comp. Laws § 445.903(1)(cc)*

Plaintiff's second MCPA claim fails under Rule 12(b)(6) because the Sixth Circuit has spoken directly to the issue. Section 445.903(1)(cc) prohibits "[f]ailing to reveal facts that are material to the transaction in light of representations of fact *made in a positive manner*." (emphasis added). As the Sixth Circuit explained in an earlier MCPA case involving Plaintiff, "[e]ven assuming that the film contained anti-Semitic messaging, [Plaintiff] makes no allegation that the trailer made affirmative representations suggesting that the opposite was true." *Leaf*, 742 F. App'x at 927.

Here, Plaintiff made no allegation that Defendants affirmatively represented that *The Last Game* was not anti-Semitic. Rather, the first amended complaint contains only one affirmative representation that *The Last Game* is not anti-Semitic: the Anti-Defamation League's statement. ECF 16, PgID 527 ("Plaintiff [] read an article discussing a new Nike 'ad' as being anti-Semitic according to some, and not anti-Semitic according to others include the [Anti-Defamation League] who declared that those alleging anti-Semitism were 'certainly off base[.]'"). Indeed, the first amended complaint contains no alleged statement by Defendants that even refers to *The Last Game*. *Id.* at 520, 575. With no affirmative statement from Defendants in the first amended complaint, the second MCPA claim necessarily fails. *See Leaf*, 742 F. App'x at 927.

Still, Plaintiff claimed that the Sixth Circuit wrongly decided *Leaf v. Refn*, and that the Court should not follow it. ECF 31, PgID 973–78. But Plaintiff's reasoning is

6

unpersuasive. For one, Plaintiff cited no change in governing law since the Sixth Circuit's opinion, either because of an amendment to the MCPA or a new statutory interpretation of it. *See id.* And separately, Plaintiff failed to explain how the facts in the Sixth Circuit opinion are materially different from the facts here. *See id.* In sum, the Court cannot simply ignore the Sixth Circuit's reasoning.

Plaintiff's second MCPA claim fails for the same reason it failed in Plaintiff's earlier case: Defendants made no positive affirmation suggesting that *The Last Game* lacked the messages that Plaintiff found offensive. *Leaf*, 742 F. App'x at 927. The Court will therefore dismiss the second MCPA claim against Defendants Nike and Wieden + Kennedy.

II.   Case Management

   *A. Motions to Dismiss Filed by Defendants Facebook, Google, and YouTube*

Defendants Facebook, Google LLC, and YouTube LLC also moved to dismiss the first amended complaint. ECF 26, 51. But since then, Plaintiff has voluntarily dismissed all three Defendants. ECF 41, 53. The Court will therefore find the motions to dismiss filed by Defendants Facebook, Google, and YouTube are moot. ECF 26, 51.

   *B. Plaintiff's Motions to File a Second Amended Complaint*

After Defendant Nike moved to dismiss the first amended complaint, Plaintiff moved to amend it, ECF 35, and then moved for leave to file a second amended complaint, ECF 38. The Court will deny the first motion, ECF 35, as moot because Plaintiff filed the later motion for leave, ECF 38.

Next, the Court will deny as futile the motion for leave to file a second amended complaint. ECF 38. Federal Rule of Civil Procedure 15 governs amendments of pleadings. It provides that after a responsive pleading is filed, a party may only amend its pleading with the written consent of the opposing party or with leave of the Court. Fed. R. Civ. P. 15(a)(2). The rule also provides that "[t]he court should freely give leave when justice so requires." *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

To determine whether to grant leave to amend a pleading, the Court relies on six factors: (1) "undue delay in filing," (2) "lack of notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the opposing party," and (6) "futility of [the] amendment[.]" *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001). Analysis of the last factor—futility of the amendment—sufficiently justifies the Court to deny leave to amend a pleading. *Martin v. Assoc. Truck Lines*, 801 F.2d 246, 248 (6th Cir. 1986). A proposed amended complaint is futile if it could not survive a motion to dismiss. *Id.*

Here, the proposed second amended complaint asserted the same MCPA claims against Defendants. ECF 38. For the second MCPA claim, the proposed second amended complaint added new allegations relating to Defendant Nike. *Id.* at 1374–75. The new allegations, however, do not support Plaintiff's claim that Defendant Nike made an "affirmative representation suggesting that [*The Last Game*

8

was not anti-Semitic]." *Leaf*, 742 F. App'x at 927. Not only that, but none of the new allegations even relate to *The Last Game*. *See* ECF 38, PgID 1374–75.

Because the proposed second amended complaint fails to allege that Defendant Nike made an affirmative representation that the film is not anti-Semitic, it would fail under Rule 12(b)(6). *See Leaf*, 742 F. App'x at 927 ("Even assuming that the film contained anti-Semitic messaging, [Plaintiff] makes no allegation the trailer made affirmative representations suggesting that the opposite was true."). The Court will therefore deny Plaintiff's motion for leave to file a second amended complaint. ECF 38.

### C. Show Cause Order

More than five months ago, the Clerk of the Court issued a summons for Defendant Twitter. ECF 12. But there is no evidence on the docket that Defendant Twitter has been served. Because more than ninety days have passed since the Clerk issued summons, the Court will require Plaintiff to show cause no later than November 30, 2020 why the MCPA claims against Defendant Twitter should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 4(m). Failure to timely respond to this order will lead to dismissal of the MCPA claims against Defendant Twitter.

### D. Unsealing ECF 15, 18, 33, and 40

Finally, the Court will order ECF 15, 18, 33, and 40 unsealed. Plaintiff essentially claimed that the exhibits needed sealing because federal law prohibits publicly filing sexually explicit images of minors. *See* ECF 14, PgID 515; ECF 17, PgID 816; ECF 32, PgID 1008; ECF 39, PgID 1708.

9

But the Court has reviewed the exhibits and has concluded that the federal law does not cover the exhibits because the images clearly do not depict any kind of sexually explicit image or act. *See Jacobellis v. Ohio*, 378 U.S. 184, 197 (1964) (Stewart, J. concurring) ("I know it when I see it, and the motion picture involved in this case is not that."). Beyond this, Plaintiff must not truly believe that some of the images are sexually explicit because he already filed one of the images not under seal. *Compare* ECF 40, PgID 1714 (under seal) *with Leaf*, 18-cv-13406, ECF 1, PgID 45. Because "there is a strong presumption in favor of openness as to court records," the Court will order ECF 15, 18, 33, and 40 unsealed. E.D. Mich. LR 5.3(c) (comments to 2018 revisions); *see Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016) (Kethledge, J.) (explaining the importance of open court records).

## CONCLUSION

Since 2016, Plaintiff has either been the plaintiff or attorney in four Eastern District of Michigan cases that alleged MCPA violations: this case, *Leaf*, No. 18-13406, *Deming v. Fox Entertainment Group, Inc.*, No. 17-11285, and *Leaf v. Refn*, No. 16-12149. In each case, Plaintiff has chronically failed to serve defendants. *Leaf*, 18-13406, ECF 6; *Deming*, No. 17-11285, ECF 27, 29; *Leaf*, No. 16-12149, ECF 37, 50. Plaintiff has also voluntarily dismissed defendants at an alarming rate. ECF 41, 53; *Deming*, No. 17-11285, ECF 15, 29; *Leaf*, No. 16-12149, ECF 26, 52.

In three of the cases, Plaintiff sought to amend several complaints before the Court could rule on motions to dismiss. ECF 16, 38; *Deming*, No. 17-11285, ECF 25;

10

*Leaf*, No. 16-12149, ECF 5, 53. Plaintiff also attached large numbers of irrelevant exhibits to his complaints. For example, in *Leaf*, No. 16-12149, Plaintiff filed ninety-five exhibits, ECF 5-1, PgID 377–82, many of which had little to do with the allegations. Here, Plaintiff filed ninety-nine. ECF 16, PgID 587–89. In *Leaf*, No. 16-12149, the Honorable Victoria A. Roberts stated that Plaintiff's voluminous filings were unacceptable, ECF 56, PgID 2358. Judge Roberts even said that she would strike future complaints that attach too many exhibits or have excessive factual content that "goes beyond the requirements of [Federal Rule of Civil Procedure 8(a)(2).]" *Id.*

Simply put, Plaintiff's conduct before the Eastern District of Michigan has been sloppy. Depleting judicial resources by continued careless conduct in federal litigation may well lead to future sanctions.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Nike's motion to dismiss [23] is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Defendants Nike and Wieden + Kennedy are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motions to dismiss filed by Defendants Facebook, Google, and YouTube [26, 51] are **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a second amended complaint [35] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's amended motion for leave to file a second amended complaint [38] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall **SHOW CAUSE** no later than **November 30, 2020**, why the Court should not dismiss the claims against Defendant Twitter for failure to prosecute.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **UNSEAL** ECF 15, 18, 33, and 40.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III  
                                                STEPHEN J. MURPHY, III  
                                                United States District Judge

Dated: November 23, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 23, 2020, by electronic and/or ordinary mail.

                                                s/ David P. Parker  
                                                Case Manager