UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN LEAF,

        Plaintiff,

v.

NIKE, INC. et al.,

        Defendants.

Case No. 2:20-cv-11491

HONORABLE STEPHEN J. MURPHY, III

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION [61]**

Plaintiff sued Defendants for two claims of violating the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws §§ 445.903(1)(s), (cc). ECF 16, PgID 578–83. In an omnibus opinion and order, the Court granted Defendants' motion to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 58, PgID 1800–03. The Court also denied leave for Plaintiff to file a second amended complaint. *Id.* at 1803–05. Plaintiff moved for reconsideration. ECF 61. For two reasons, the Court will deny the motion.

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court . . . [has] been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A palpable defect is one that is "obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). A motion for reconsideration will not be granted if it "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable

1

implication." E.D. Mich. LR 7.1(h)(3). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) (citation omitted).

The motion for reconsideration is unclear about what ruling the Court should reconsider. For example, Plaintiff explained that "Count I of the [second amended complaint] should proceed." ECF 61, PgID 1823. But the Court never ruled on whether the first claim of the second amended complaint should proceed. *See* ECF 58, PgID 1800–01 (dismissing the *first* MCPA claim in the first amended complaint). Instead, the Court denied leave to file a second amended complaint because the second amended complaint was futile and would fail under scrutiny of a motion to dismiss. *Id.* at 1804–05. In particular, the Court found that the second MCPA claim in the proposed second amended complaint "fail[ed] to allege that Defendant Nike made an affirmative representation that the film is not anti-Semitic[.]" *Id.* at 1805.

But, in the motion for reconsideration, Plaintiff stated that the second amended complaint alleged that Defendant Nike made an affirmative representation of that type. ECF 61, PgID 1824–25. Plaintiff pointed the Court to an alleged statement made by Defendant Nike. *Id.* at 1825 (citing ECF 38, PgID 1429). The statement from Defendant Nike explained, "[t]he logo shown on 'The Clones' player uniforms and on the advertising boards in 'The Last Game' film is a logo of a football. Any resemblance to any other symbol or image within the campaign is entirely coincidental and unintentional." ECF 38, PgID 1429. The statement also explained,

2

"[w]e respect all religions and the image was in no way designed to cause any offense[.]" *Id.*

But that statement from Defendant Nike is not an affirmative representation because it did not represent a fact in a positive manner. *See Leaf v. Refn*, 742 F. App'x 917, 927 (6th Cir. 2018) (citing *Collins v. A1 Motors, LLC*, No. 330004, 2017 WL 1190932, at *7 (Mich. Ct. App. Mar. 28, 2017)). Instead, the first part of the statement acknowledged that even if the logo in the film resembled another image, then it would be coincidental and unintentional. *See* ECF 38, PgID 1429. It is the kind of acknowledgement that is far different from the affirmative representations discussed in *Collins*, because it suggests that the logo may—coincidentally—resemble another image. 2017 WL 1190932, at *7 n. 12. And last, the second part of the statement explained the intentions behind the logo's design—not the logo itself. *See* ECF 38, PgID 1429. Thus, the Court properly denied the motion for leave to file a second amended complaint. *Martin v. Assoc. Truck Lines*, 801 F.2d 246, 248 (6th Cir. 1986) (holding that futility of the amended sufficiently justifies the Court to deny leave to amend a pleading). The Court will therefore deny the motion for reconsideration. ECF 61.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for reconsideration [61] is **DENIED**.

**SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: December 17, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2020, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager